IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN F. SMITH,

        Plaintiff,

v.                                                                        CIV 10-1030 JCH/LAM

ROBERT McCORD, et al.

        Defendants.

## ORDER GRANTING MOTION TO STAY DISCOVERY *(Doc. 22)*

**THIS MATTER** comes before the Court on Defendants' *Motion to Stay Discovery (Doc. 22)*, filed April 4, 2011. Plaintiff filed his response April 21, 2011. [*Doc. 27*]. Having considered the motion, response, record of the case, and relevant law, the Court **FINDS** that the motion is well-taken and shall be **GRANTED**.

Defendants ask the Court to stay discovery in this case pending a ruling on their motion for summary judgment based on qualified immunity. [*Doc. 22* at 1]. Plaintiff states in his response that the motion should be denied on the grounds that it is premature because discovery deadlines have not yet been set, and that Defendants' motion for summary judgment is not based on qualified immunity. [*Doc. 27* at 1-2]. The Court finds that Plaintiff's opposition to this motion is without merit. Once a motion to dismiss or for summary judgment based on qualified immunity is filed, Defendants are entitled to a stay of discovery. *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004); *Workman, et al. v. Jordan, et al.*, 958 F. 2d 332, 336 (10th Cir. 1992) ("[W]e reiterate that qualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation," *citing Siegert v. Gilley*, 500 U.S. 226, 231 (1991)). Defendants' motion for summary judgment clearly states that it is based on qualified immunity.

[*Doc. 18* at 1, 9-25]. The Court may allow discovery for Plaintiff to respond to the motion for summary judgment based on qualified immunity; however, Plaintiff must set forth in a Fed. R. Civ. P. 56(d) affidavit specifically what discovery is necessary, what the proposed discovery is likely to disclose, and precisely how the discovered evidence will assist Plaintiff in overcoming Defendants' prima facie showing of entitlement to summary judgment. *See Ben Ezra, Weinstein and Co., Inc. v. America Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) (citing former Fed. R. Civ. P. 56(f)). Plaintiff has already responded to the motion for summary judgment and does not make any showing of a need for discovery in order to respond to the motion. *See* [*Doc. 26*].

**IT IS THEREFORE ORDERED** that Defendants' *Motion to Stay Discovery (Doc. 22)* is hereby **GRANTED** and discovery is stayed pending a ruling on Defendants' motion for summary judgment based on qualified immunity.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**