IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JOHN F. SMITH,**

          **Plaintiff,**

vs.                                                     Civ. No.  10-1030 JCH/LAM

**ROBERT McCORD and
JEREMY STOREY, police
officers employed by the
City of Las Cruces Police
Department, in their Individual
Capacities,**

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' *Motion for Summary Judgment* [Doc. Nos. 18 and 19].[1]  In their motion and memorandum, Defendants ask the Court to grant them summary judgment on Plaintiff's § 1983 claim on the grounds that they are entitled to qualified immunity. After reviewing the briefs and evidence submitted by the parties as well as the applicable authorities, the Court concludes that the motion for summary judgment should be granted.

## LEGAL STANDARD

Summary judgment generally is appropriate when a court determines that "'there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law.'" *Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 996 (10th Cir. 1993) (citation omitted).  Under

---

[1] Defendants filed no separate motion, but in an apparent clerical error instead filed two copies of their *Memorandum in Support of Motion for Summary Judgment*.  However, as Plaintiff raised no objection, the Court will consider Doc. No. 18 to be a combined motion for summary judgment and supporting memorandum brief.

Rule 56(c), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

To carry its initial burden, the moving party need not negate the nonmoving party's claim. *See Allen v. Muskogee, Okl.*, 119 F.3d 837, 840 (10th Cir. 1997), *cert. denied sub nom. Smith v. Allen*, 522 U.S. 1148 (1998). "'Instead, the movant only bears the initial burden of 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

A plaintiff cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment but rather must produce some specific factual support of its claim. *See Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988); *Fritzcshe v. Albuquerque Mun. Sch. Dist.*, 194 F. Supp. 2d 1194, 1206 (D.N.M. 2002). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). Upon a motion for summary judgment, a court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence." *Kaus v. Standard Ins. Co.*, 985 F. Supp 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998). If there is no genuine issue of material fact in dispute, then

a court must next determine whether the movant is entitled to judgment in its favor as a matter of law.  *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

The standard for analyzing a motion for summary judgment shifts slightly if, as here, a defendant raises qualified immunity as a defense in a lawsuit brought under 42 U.S.C. § 1983.  Qualified immunity bars Section 1983 suits against defendants in their individual—but not official—capacities.  *See, e.g., Kentucky v. Graham*, 473 U.S. 159, 167 (1985) (citations omitted).  The qualified immunity defense was created to shield public officials "from undue interference with their duties and from potentially disabling threats of liability."  *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982).  It provides immunity from suit and not merely from liability.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  It therefore spares defendants the burden of going forward with trial.  *See Wilson v. Meeks*, 52 F.3d 1547, 1552 (10th Cir. 1995), *abrogated on other grounds*, *Saucier v. Katz*, 533 U.S. 194 (2001).

Once a moving party raises the defense of qualified immunity, the nonmoving party must (1) assert facts which, if true, would constitute a violation of a constitutional right, and (2) demonstrate that the "right was clearly established at the time such that a reasonable person in the [movant's] position would have known that [the] conduct violated the right."  *Garramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996) (citations omitted); *see also, e.g.*, *Saucier v. Katz*, 533 U.S. 194, 201-02 (2001).  The first part of this inquiry requires a court to determine whether the parties' submissions, viewed in the light most favorable to the plaintiff, could show the officers' conduct violated a constitutional right.  *Cf. id.* at 201.  The second part of the inquiry requires a court to "assess[] the objective legal reasonableness of the action at the time of the alleged violation and ask[] whether 'the right was sufficiently clear that a reasonable officer would understand that what he [or she was] doing violates that right.'"  *See Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.

2001) (quotation omitted); *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citations omitted).

If a nonmoving party fails to satisfy its two-part burden, a court must grant the moving party qualified immunity. *See Medina*, 252 F.3d at 1128. If, and only if, the plaintiff establishes both elements of the qualified immunity test does a defendant then bear the traditional burden of showing "'that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law.'" *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000) (quoting *Albright v. Rodriguez*, 51 F.3d 1531, 1535 (10th Cir. 1995)). In other words, although the court "review[s] the evidence in the light most favorable to the nonmoving party, the record must clearly demonstrate the plaintiff has satisfied his heavy two-part burden; otherwise, the defendants are entitled to qualified immunity." *Medina*, 252 F.3d at 1128 (citation omitted). However, if the nonmoving party successfully demonstrates the violation of a clearly established right, the moving party assumes the normal summary judgment burden of demonstrating that no genuine issue of material fact exists that would defeat its claim for qualified immunity. *See Woodward v. City of Worland*, 977 F.2d 1392, 1396-97 (10th Cir. 1992) (citations omitted).

## DISCUSSION

In his Complaint [Doc. No. 1], Plaintiff asserts a claim against the Defendants for violation of his Fourth Amendment right to be free from the excessive use of force during a confrontation with police that occurred in his front yard on March 1, 2008. Defendants have moved for summary judgment on the grounds that they are entitled to qualified immunity for their actions.

### I. FACTS

Both Defendants as well as the Plaintiff have submitted affidavits setting forth their versions of the March 1, 2008 encounter. The parties' versions of their confrontation are considerably different. Resolving all disputed facts in favor of the Plaintiff, as the Court must on a motion for

summary judgment, the facts are as follows:

On March 1, 2008, at about 5:20 p.m., Defendants Robert McCord ("McCord") and Jeremy Storey ("Storey") were dispatched to the 3300 block of Neptune in Las Cruces, New Mexico regarding a suicidal man. The dispatcher told them that the subject intended to commit suicide by drinking his own blood. McCord assumed the remark was intended to convey the subject's intent to cause himself to bleed to death. The officers made contact with the suicidal person, Timmy Jones ("Jones"), on the street. Emergency medical personnel ("EMTs") also arrived to determine if Jones posed a threat to himself. McCord asked Jones if he had any weapons. Jones replied that he had two knives in his pocket, which McCord assumed Jones intended to use on himself. Storey removed the knives from Jones' pocket and placed them on the street where it meets the sidewalk. Then, McCord walked Jones seven or eight feet away from the knives. In the meantime, the EMTs began assessing Jones to determine if he was a suicide risk. McCord stayed near the EMTs to protect them from Jones.

While the EMTs were assessing Jones, Plaintiff John F. Smith ("Smith"), a 75 year-old male, came out of the home at 3323 Neptune. He had heard noises in his front yard and wished to investigate. When he emerged, Smith saw several police officers, five police cars, several EMTs, and two fire trucks in his front yard or in the street directly in front of his house. Smith approached the officers, asking them if something was wrong. In doing so, Smith walked close to the knives on the ground (though he did not see them). McCord told Smith to return to his home, so he turned away and began walking toward his front door. As he neared the door, Smith looked down and mumbled to himself, "Well, that just beats me, a man is not able to find out what happens in his front yard." McCord, upon hearing this, angrily said, "I'm going to arrest you, and you are going to jail," or words to similar effect. McCord approached Smith and told Smith to put his hands on

5

top of his car, which was in the driveway. Smith did so, but the car was hot from sitting in the sun, so he jerked his hands away. McCord then told Smith to step to the back of the car.

McCord then grabbed Smith's head and pushed it forcefully against the rear window of Smith's car. Storey joined McCord and the two officers attempted to handcuff Smith, who did not resist. However, McCord and Storey had trouble getting the handcuffs on Smith. He told the officers they were hurting him, but they did not respond. McCord then kicked Smith's legs out from under him, and he fell to the ground. Smith's glasses banged painfully into his face. McCord and Storey then jumped on Smith, each placing a knee in his back and knee on his legs. Smith offered no resistance, but the officers continued to have difficulty placing the cuffs on him. After the Defendants finally placed the handcuffs on Smith, they picked him up by the shoulders and arms, which was painful as his arms were already injured. McCord stated that he was taking Smith to jail. He took Smith to his police car, opened the rear door, and forcefully shoved Smith into the back seat, hitting his head on the door frame.

The officers took Smith to the police station, where an EMT examined him. Smith was then transported to Mountain View Regional Medical Center, where he received treatment for a sprain to both wrists, contusions on his knees and elbows, and a lumbar strain. After Smith was released, police charged him with resisting, evading, or obstructing an officer. Smith pled "no contest" to the charge.

## II.   ANALYSIS

As discussed above, the Plaintiff carries "the burden of showing both that a constitutional violation occurred and that the constitutional right was clearly established at the time of the alleged violation." *Williams v. Berney*, 519 F.3d 1216, 1220 (10th Cir. 2008). With respect to whether a

particular right was clearly established, "[o]rdinarily, . . . 'there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains.'" *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 516 (10th Cir. 1998) (quoting *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)). Moreover, "[a] plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Id*. at 517. "A plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity." *Id*.; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1155 (10th Cir. 2008) (holding that "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful under the circumstances") (further quotation omitted). "Although Plaintiff does not need to find a case with an identical factual situation, he still must show legal authority which makes it 'apparent' that 'in the light of pre-existing law' a reasonable official . . . would have known that [the conduct in question violated substantive due process.]" *Moore v. Guthrie*, 438 F.3d 1036, 1042 (10th Cir. 2006); *see also Bergeron*, 560 F.3d at 11 ("In order to show that a principle is clearly established in the pertinent sense, a plaintiff ordinarily must identify 'cases of controlling authority . . . at the time of the incident . . . [or] a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful.' ") (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).

Here, the Plaintiff has failed to meet both parts of his burden to respond to a motion for qualified immunity. Instead, Plaintiff spends the entirety of his response [Doc. No. 26] pointing out the factual disputes between the parties. This is insufficient to avoid summary judgment when the defendant has raised the qualified immunity defense. Instead, Plaintiff must demonstrate that, under

7

the facts viewed in the light most favorable to him, that (1) Defendants violated his right to be free from the use of excessive force, and (2) the law was clearly established.  Plaintiff has not attempted to meet either burden; indeed, his response brief is devoid of any discussion of applicable constitutional law.  Accordingly, the Court is left with no choice but to grant Defendants' motion for summary judgment on grounds of qualified immunity.

**IT IS THEREFORE ORDERED** that *Motion for Summary Judgment* [Doc. Nos. 18 and 19] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**